UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

Baoyang Chen,

    Plaintiff,

    v.                                                       Case No. 1:17-CV-460

GSC Opportunities, L.P., *et al.*,                  Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court on Plaintiff Baoyang Chen's Motion to Reinstitute the Temporary Restraining Order ("TRO"). (Doc. 106).   Defendants GSC Opportunities, L.P., GSC OPP Management, L.P.,  Gary Chan, Mason Hill, LLC, Clearwater Hospitality Group, LLC, Jardin Hill, LLC, Lumen Point Capital Fund I, LLC, RG MGMT, LLC, and RG Opportunities I, L.P. (collectively, "Defendants"), were properly served with a copy of Plaintiff's Motion.  Defendants Gary Chan, Terry Chan, and Jacquelyn Chan, individuals affiliated with the entities named above, were also served with copies of this motion via regular mail and email.

This Court reviewed Plaintiff's Motion and, for good cause shown, hereby **GRANTS** Plaintiff's Motion to Reinstitute the Temporary Restraining Order. (Doc. 106).  The Court finds that: (1) Plaintiff will be immediately and irreparably harmed if Defendants are not enjoined; (2) Plaintiff has demonstrated a strong likelihood of success on the merits of his claims; (3) that all requirements of Fed. R. Civ. P. 65 have been satisfied; and (4) in order to prevent irreparable harm, Plaintiff's motion should be, and is, **GRANTED**.

It is therefore **ORDERED** that any funds, accounts, and assets maintained at General Electric Credit Union, PNC Bank, NA, First Financial Bank, U.S. Bank, NA, and any other

financial institution (collectively, the "Accounts") (a) in which Defendants, or any of them, have an ownership interest; (b) that are held in the name of any of the said Defendants; or, (c) that are held for the benefit of any of the said Defendants, including through corporations, trusts, partnerships, agents, nominees, friends, or relatives, are **FROZEN** and may not be moved, spent, pledged, concealed, hypothecated, or negotiated.

It is further **ORDERED** that personal funds, accounts, and assets belonging to Gary Chan, individually or jointly with others, are **FROZEN** and may not be moved, spent, pledged, concealed, hypothecated, or negotiated.  Despite this asset freeze, Gary Chan is permitted to spend no more than $5,000 per month on necessary living expenses.  Gary Chan is also permitted to spend funds to retain bankruptcy counsel, and must notify the Court if he files a bankruptcy petition.

It is further **ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, are **HEREBY RESTRAINED** from directly or indirectly transferring, selling, encumbering, receiving, changing, pledging, assigning, liquidating, incurring debt upon (such as credit card debt), or otherwise disposing of, or withdrawing, any funds from accounts frozen by this Order.

It is further **ORDERED** that General Electric Credit Union, PNC Bank, NA, First Financial Bank, U.S. Bank, NA, and other financial institutions holding funds, accounts, and assets relating to the Accounts and Personal Accounts, that receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile

transmission, or others, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or assets, and shall notify the Court and counsel for the Plaintiff of the existence, nature, and amount of any such funds or assets.

It is further **ORDERED** that Defendant Gary Chan shall identify every bank account, escrow account, and investment account he maintains, individually or jointly, and shall notify counsel for the Plaintiff of the existence, nature, and the amount of any such funds or assets maintained in each account.

Nothing in this Order restrains or enjoins, or freezes any funds, assets, or accounts of, Gold Star Chili, Inc. or Phoenix Franchise Group.

This Order is issued without bond.

This order shall expire on October 25, 2018, unless extended by the Court.

**It is SO ORDERED.**

/s/ Michael R. Barrett
MICHAEL R. BARRETT
UNITED STATES DISTRICT JUDGE

Error! Unknown document property name.Error! Unknown document property name.Error! Unknown document property name.