UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Baoyang Chen,

    Plaintiff,

v.

GSC Opportunities, L.P., *et al*.,

    Defendants.

Case No. 1:17cv460

Judge Michael R. Barrett

## ORDER

This matter is before the Court Plaintiff Baoyang Chen's Motion to Dismiss Defendant Gold Star Chili, Inc.'s Counterclaim. (Doc. 137). Defendant Gold Star Chili, Inc. has filed a Memorandum in Opposition (Doc. 138); and Plaintiff has filed a Reply (Doc. 139).

**I.    BACKGROUND**

This case arises out of an EB-5 investment project involving Defendant Gold Star Chili ("Gold Star"), Gary Chan, Terry Chan, and Jacquelyn Chan ("the Chans"), and various entities controlled by the Chans. The project centered on the development of Gold Star Chili restaurants in Ohio, Kentucky, and Indiana. (Doc. 110, ¶ 25).

Plaintiff Baoyang Chen is a citizen and resident of the People's Republic of China. (Id., ¶ 1). On April 20, 2013, Plaintiff signed a Subscription Agreement thereby joining GSC Opportunities, L.P. ("GSC"). (Id.; Doc. 135-1). GSC, which is also referred to as "the Fund" in the Subscription Agreement, was a limited partnership organized to allow foreign investors to utilize the EB-5 Visa program. (Doc. 110, ¶ 1). Plaintiff claims that Gold Star, Terry Chan, Gary Chan, and Mason Hill, LLC used the EB-5 Program to

lure Plaintiff into investing over $500,000 in GSC. (Id., ¶ 24). Plaintiff claims that due to Gold Star's lack of oversight, in August 2016, Gary Chan used the access Gold Star had provided to him to steal all of Plaintiff's investment. (Id., ¶¶ 158-163).

Plaintiff brings eight claims against Gold Star: federal securities law violations (Count VI), fraud (Count VII), breach of contract (Count VIII), breach of fiduciary duty (Count IX), gross negligence (Count X), breach of Ohio Revised Code § 1782.242 and rescission (Count XII), Ohio securities law violations (Count XIV), and conspiracy (XV).

On November 11, 2021, Gold Star filed a counterclaim for declaratory judgment against Plaintiff arising from the indemnity provision in the Subscription Agreement. (Doc. 135). Gold Star asserts that it is entitled to attorney's fees under the Subscription Agreement as an intended third-party beneficiary. (Id.) Plaintiff responds that the indemnity provision does not apply to the facts of this case. Plaintiff moves to dismiss Gold Star's Counterclaim for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

II. **ANALYSIS**

In reviewing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). Federal Rule of Civil Procedure 8 provides that all pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although particular detail is not generally necessary, the factual

allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

Gold Star's claim is for declaratory judgment.  Declaratory judgments are governed by 28 U.S.C. § 2201, which provides: "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."  28 U.S.C. § 2201(A).

Gold Star maintains that the operative provision of the Subscription Agreement is the indemnity provision found in Section 9, which states in relevant part:

> The foregoing representations, warranties, and undertakings are made by the undersigned with the intent that they be relied upon by the Fund in determining the undersigned's suitability as an investor in the Fund. The undersigned hereby agrees that such representations and warranties shall survive the undersigned becoming an interest holder in the Fund. The undersigned further agrees to indemnify and hold harmless the Fund, its partners, officers, attorneys, agents, and each other interest holder from any damages, claims, expenses, losses, or actions resulting from the untruth of any of the warranties and representations contained in this Subscription Agreement.

(Doc. 135-1, PAGEID 1944).  Gold Star argues that this provision applies because Plaintiff's express representations and warranties in the Subscription Agreement were

3

false; and as such, the Subscription Agreement's indemnity provision has been triggered.  Central to Gold Star's argument is Plaintiff's representation in the Subscription Agreement he was "an accredited investor as such term is defined within the Securities Laws."  (Doc. 135-1, PAGEID 1945).

Plaintiff responds that the indemnity provision itself explains that the representations and warranties were related to Plaintiff's "suitability as an investor in the Fund," but Plaintiff's suitability as an investor is not at issue here.  Plaintiff maintains that while he suffered a loss due to Gold Star's failure to oversee and control the disbursement of Plaintiff's investment when Gold Star withdrew from GSC, Gold Star has not sustained any losses or incurred damages based on the Plaintiff's suitability as an investor.  Additionally, Plaintiff argues that the indemnity provision only provides for indemnity to the "Fund" or GSC Opportunities, LP, and "its partners, officers, attorneys, agents, and each other interest holder from any damages, claims, expenses, losses, or actions resulting from the untruth of any of the warranties and representations contained in this Subscription Agreement."

This Court has explained: "As indemnity provisions are construed in the same manner as other contractual agreements, 'the nature of an indemnity relationship is determined by the intent of the parties as expressed by the language used.'" *Liang v. AWG Remarketing, Inc.*, 126 F. Supp. 3d 964, 969 (S.D. Ohio 2015) (quoting *Rayco Mfg., Inc.*, 2014-Ohio-970, at ¶ 22 (quoting Worth v. Aetna Cas. & Sur. Co., 32 Ohio St.3d 238, 240, 513 N.E.2d 253 (1987)).

The Court finds that Gold Star's claims for indemnity and declaratory judgment rely on a broader interpretation of the indemnity provision than the language of

4

Paragraph 9 would support.  Even if Gold Star is included among the partners, officers, attorneys, agents or interest holders covered by the indemnity provision, the only "damages, claims, expenses, losses, or actions" which are indemnified under the provision are those "resulting from the untruth of any of the warranties and representations contained in this Subscription Agreement."  While Gold Star has alleged that false statements were made by Plaintiff, Gold Star has not identified "damages, claims, expenses, losses, or actions" which resulted from those alleged untruths.  Therefore, the Court concludes that Gold Star has failed to state a claim for declaratory judgment in its counterclaim; and that claim should be dismissed.

### III.     CONCLUSION

Based on the foregoing, Plaintiff Baoyang Chen's Motion to Dismiss Defendant Gold Star Chili, Inc.'s Counterclaim (Doc. 137) is **GRANTED**; and Gold Star Chili, Inc.'s Counterclaim is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                              */s/ Michael R. Barrett*
                                            JUDGE MICHAEL R. BARRETT