# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| BAOYANG CHEN, | : | CASE NO. 1:17-cv-00460-MRB |
| | | Judge Michael R. Barrett |
| Plaintiff, | : | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| | | **PLAINTIFF'S NOTICE OF FILING** |
| GSC OPPORTUNITIES, LP, et al., | : | **PROPOSED JOINT DISCOVERY PLAN** |
| Defendant. | : | |

Now comes Plaintiff Baoyang Chen and hereby gives notice that it is filing the proposed joint discovery plan that was discussed with Defendant Gold Star Chili, Inc. ("Gold Star") on April 4, 2024, and submitted to Gold Star on April 11, 2024. Gold Star has not responded, but Plaintiff doubts that Gold Star will have any objection based on the April 4, 2024 call to discuss the plan. A copy of the plan is attached.

Respectfully submitted,

*/s/ Christopher D. Cathey*
Christopher D. Cathey (0071231)
Taylor English Duma LLP
One Biscayne Tower
2 Biscayne Blvd, Suite 2050
Miami, Florida 33131
(786) 840-1444 telephone
(770) 434-7376 facsimile
ccathey@taylorenglish.com
Attorneys for Plaintiff

{02767504-1 }

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and accurate copy of the foregoing document was served this 11th day of April 2024 upon the following counsel of record by electronic mail and filed via the Court's CM/ECF filing system:

Paul T. Saba (0063723)
Jeffrey M. Nye (0082247)
Stagnaro, Saba & Patterson Co LPA
2623 Erie Ave
Cincinnati, OH 45208
513-533-2700
pts_sspfirm.com
jmn_sspfirm.com
Attorneys for Defendant Gold Star Chili, Inc.

                /s/ Christopher D. Cathey
                Christopher D. Cathey (0071231)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| BAOYANG CHEN, | : | CASE NO. 1:17-cv-00460-MRB |
| | | Judge Michael R. Barrett |
| Plaintiff, | : | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| | | **JOINT DISCOVERY PLAN** |
| GSC OPPORTUNITIES, LP, et al., | : | (RULE 26(f) REPORT) |
| | | (REQUIRED FORM) |
| Defendant. | : | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial Procedure Order. The parties conducted their discovery conference on April 4, 2024.

**A.** **MAGISTRATE CONSENT**

The Parties:

☐ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

☒ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

☐ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

**B.** **RULE 26(a) DISCLOSURES**

☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

☒ The parties will exchange such disclosures by April 25, 2024.

☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

NOTE: Rule 26(a) disclosures are not to be filed with the Court.

**C.** **DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of

    All matters raised in the pleadings, including Plaintiff's investment in GSC Opportunities, LP, Plaintiff's alleged damages, and Defendants' defenses.

2. The parties recommend that discovery

    ☒ need not be bifurcated

    ☐ should be bifurcated between liability and damages

    ☐ should be bifurcated between factual and expert

    ☐ should be limited in some fashion or focused upon particular issues which relate to _____

3. Disclosure and report of Plaintiff(s) expert(s) by June 30, 2024.

4. Disclosure and report of Defendant(s) expert(s) by September 30, 2024.

5. Disclosure and report of rebuttal expert(s) by November 30, 2024.

6. Disclosure of non-expert (fact) witnesses May 15, 2024.

7. Discovery cutoff October 4, 2024.

8. Anticipated discovery problems

    ☒ Travel restrictions for plaintiff because he resides in China; although any deposition could take place via Zoom or similar video platform. Also, plaintiff does not speak English so an interpreter will be needed.

    ☐ None.

9. Describe the subjects on which discovery is sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation; (2) prepare for case dispositive motions, and (3) prepare for trial:

<u>All matters raised in the pleadings, including Plaintiff's investment in GSC Opportunities, LP, Plaintiff's alleged damages, and Defendants' defenses.  Financial records of Defendants will need to be discovered and depositions of all parties, their agents and/or associates and any third parties that have information relevant to the claims and defenses set forth in the pleadings.</u>

10. Discovery of Electronically Stored Information.  The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

 _____  Yes

 \_\_X\_\_  No

 i. The parties have electronically stored information in the following formats:

   pdf, pst, tif, xlsx, doc

 ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

11. Claims of Privilege or Protection.  The parties have discussed issues regarding the protection of information by a privilege or the work product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

 _____  Yes

 \_\_X\_\_  No

 i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

   None at this time

ii. Have the parties agreed on a procedure to assert such claims AFTER production?

    _____ Yes

    __X__ No

    _____ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

**D. LIMITATIONS ON DISCOVERY**

1. Changes in the limitations on discovery

   ☐ Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

   ☐ Extension of number of depositions (currently 10) permitted to _____.

   ☐ Extension of number of interrogatories (currently 25) to _____.

   ☐ Other: _____.

   ☒ None.

**E. PROTECTIVE ORDER**

☒ A protective order will likely be submitted to the Court on or before __April 30, 2024__.

☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F. 3d 219 (6th Cir. 1996).

**F. SETTLEMENT**

A settlement demand [ x ] has [ ] has not been made.

A response [ x ] has [ ] has not been made.

A demand can be made by __April 30, 2024__.

A response can be made by May 31, 2024.

**G.  MOTION DEADLINES**

1. Motion to amend the pleadings and/or add parties by N/A.

2. Motions relative to the pleadings by N/A.

3. Dispositive motions by December 15, 2024.

**H.  OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**

None at this time.

Respectfully submitted,

| */s/ Christopher D. Cathey* <br> Christopher D. Cathey (0071231) <br> Taylor English Duma LLP <br> One Biscayne Tower <br> 2 Biscayne Blvd, Suite 2050 <br> Miami, Florida 33131 <br> (786) 840-1444 telephone <br> (770) 434-7376 facsimile <br> ccathey@taylorenglish.com <br> Attorneys for Plaintiff | Paul T. Saba (0063723) <br> Jeffrey M. Nye (0082247) <br> Stagnaro, Saba & Patterson Co LPA <br> 2623 Erie Ave <br> Cincinnati, OH 45208 <br> 513-533-2700 <br> pts_sspfirm.com <br> jmn_sspfirm.com <br> Attorneys for Defendant Gold Star Chili, Inc. |