**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **BAOYANG CHEN,** | : | Case no. 1:17-cv-460 |
| | : | |
| Plaintiff | : | Judge Michael R. Barrett |
| | : | |
| v. | : | |
| | : | |
| **GSC OPPORTUNITIES, L.P., et al.,** | : | **FINAL PRETRIAL ORDER** |
| | : | |
| Defendants. | : | |
| | : | |

This action came before the Court at a final pretrial conference held on Thursday, May 15,

2025, at 10:30 a.m., pursuant to Rule 16, Federal Rules of Civil Procedure.

**I.     APPEARANCES:**

| | |
|---|---|
| For Plaintiff: | Christopher D. Cathey |
| | Taylor English Duma LLP |
| | One Biscayne Tower |
| | 2 S. Biscayne Blvd., Suite 2500 |
| | Miami, FL 33131 |
| | 786-840-1444 |
| | 770-434-7376 (fax) |
| | |
| For Defendant: | Paul T. Saba |
| | Jeffrey M. Nye |
| | SSP Law Co., LPA |
| | 2623 Erie Avenue |
| | Cincinnati, OH 45208 |
| | 513-533-6714 |
| | 513-533-2999 (fax) |

**II.     NATURE OF ACTION AND JURISDICTION:**

A. This is an action by Plaintiff against Defendant Gold Star Chili, Inc. for claims of federal securities law violations (Count VI – 15 USC 78(j)(b), 17 C.F.R. 240.10B-5), fraud (Count VII), breach of contract (Count VIII), breach of fiduciary duty (Count IX), gross negligence (Count X), breach of R.C. § 1782.242 and recission of the BWR investment (Count XII), unjust enrichment/quantum meruit (Count XIII), Ohio securities law violations (Count XIV – ORC 1707.01 *et seq.*), and conspiracy (Count XV).

1

B. The jurisdiction of the Court is invoked under 28 U.S.C. § 1331 because this civil action involves claims arising under the laws of the United States, specifically federal securities laws. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

C. The jurisdiction of the Court is not disputed.

### III. <u>TRIAL INFORMATION</u>:

A. The estimated length of trial is 7-10 days.

B. The jury trial is scheduled to begin on October 14, 2025.

### IV. <u>AGREED STATEMENTS AND LISTS</u>:

A. <u>Agreed Statement of the Case:</u> The parties will submit any agreed-upon stipulations to be read to the jury fourteen (14) days before trial.

B. <u>Pending Motions/Motions in Limine</u>:

    1. The following Motions, if any, are pending:

       None.

    2. Plaintiff anticipates filing a Motion in Limine based on the attorney-client privilege. Plaintiff reserves the right to file additional motions in limine upon further consideration of the evidence.

    3. Defendant does not anticipate filing Motions in Limine at this time but reserves the right to do so upon further consideration of the evidence.

    4. Any Motions in Limine must be filed on or before August 1, 2025.

C. <u>Witnesses</u>:

    1. In the absence of reasonable notice to opposing counsel to the contrary, plaintiff will call, or will have available at the trial:

    **Baoyang Chen**, Plaintiff, c/o Taylor English Duma LLP. Plaintiff will testify as to how he became an investor in GSC Opportunities., L.P. and the events leading up the loss of his investment proceeds, the damages he incurred, and generally regarding the allegations in the has knowledge of the relationship and dealings

2

between the parties, the purpose of GSC Opportunities, L.P. ("GSC"), and damages he incurred.

**Terry Chan**. Mr. Chan will testify regarding the allegations in the Second Amended Complaint, his involvement in GSC, his dealings with Gold Star Chili, the operation of Clearwater Hospitality Group and related entities, and the disposition of Plaintiff's investment and other matters in his deposition taken in the M.D. Fla. Bankr. court.

**Gary Chan**. Mr. Chan will testify regarding the allegations in the Second Amended Complaint, his involvement in GSC, his dealings with Gold Star Chili, the operation of Clearwater Hospitality Group and related entities, and the disposition of Plaintiff's investment and other matters in his deposition taken in the M.D. Fla. Bankr. court.

**Deborah Myree**. Ms. Myree will testify regarding her employment with Clearwater Hospitality Group, financial and accounting matters regarding Clearwater Hospitality Group and related entities, and her interactions with the Chans and other matters to which she testified in her deposition taken in the M.D. Fla. Bankr. court.

**Michael Rohrkemper**. Mr. Rohrkemper will testify regarding his work with Gold Star and Clearwater Hospitality Group, his dealings with the Chans and other matters to which he testified in his deposition taken in the M.D. Fla. Bankr. court.

**Mike Mason**. Mr. Mason will testify regarding GSC, Gold Star, Clearwater Hospitality Group other matters to which he testified in his deposition taken in the M.D. Fla. Bankr. court.

**Roger David** (as if on cross). Will testify regarding his role and duties with Gold Star, its involvement in GSC and related entities, financial aspects of GSC, and Gold Star's withdrawal from GSC.

Records custodians of financial institutions (U.S. Bank, First Financial).

Any other person identified by Defendant Gold Star in its witness list, in discovery or in the documents produced between the parties or third parties.

2. In the absence of reasonable notice to opposing counsel to the contrary, defendant will call, or will have available at the trial:

    **Baoyang Chen (as if on cross)**: To testify to his claims and the defenses associated with those claims, including but not limited to…

    **Christina Cahalane**: Ms. Cahalane's scope of knowledge is unknown, but to testify as to her connection with the EB5 transaction.

**Terry Chan**: To testify as to all aspects of the relationships and communications with Plaintiff, as well as to the fact that the Chans received all of Plaintiff's money, while Gold Star did not receive any of it.

**Gary Chan**: To testify as to all aspects of the relationships and communications with Plaintiff, as well as to the fact that the Chans received all of Plaintiff's money, while Gold Star did not receive any of it.

**Allen Chi**: Mr. Chi's scope of knowledge is unknown, but to testify as to his connection with the EB5 transaction.

**Roger David**: To testify that (i) that Gold Star invested everything it was supposed to invest, (ii) that Gold Star lost millions of dollars, (iii) that Gold Star terminated the partnership for the benefit of all investors and told Plaintiff to withdraw his money from escrow, (iv) that after Plaintiff was informed that Gold Star was no longer going to be a member of GSC Opportunities, Plaintiff agreed to a new venture with the Chans to invest in a Buffalo Wings & Rings concept in Pittsburgh, and (v) that Plaintiffs' money was lost, stolen, or squandered as part of his process of becoming an investor in that new concept.

**Mike Evans, Ph.D.**: Dr. Evans' scope of knowledge is unknown, but to testify as to his connection with the EB5 transaction.

**W. Thomas Fisher**: To testify that Gold Star did everything it could to ensure that Plaintiff was notified in advance and had plenty of time to get his money back if he chose to do so.

**Nathan Hammond**: Mr. Hammond's scope of knowledge is unknown, but to testify as to his connection with the EB5 transaction.

**Martin Lawler**: Mr. Lawler's scope of knowledge is unknown, but to testify as to his connection with the EB5 transaction.

**Suzanne Lazicki**: Ms. Lazicki's scope of knowledge is unknown, but to testify as to her connection with the EB5 transaction.

**Thomas E. Martin**: To testify that he notified Plaintiff that Gold Star was terminating the partnership on multiple occasions.

**Quinn McDowell**: Mr. McDowell's scope of knowledge is unknown, but to testify as to his connection with the EB5 transaction.

**Estelle McKee**: Ms. McKee's scope of knowledge is unknown, but to testify as to her connection with the EB5 transaction.

**Benita Rubio**: Ms. Rubio's scope of knowledge is unknown, but to testify as to her connection with the EB5 transaction.

**Paul Sommers, Ph.D.**: Dr. Sommers' scope of knowledge is unknown, but to testify as to his connection with the EB5 transaction.

**Frederick Voigtmann**: To testify that he notified Plaintiff that Gold Star was terminating the partnership on multiple occasions.

**Lili Wang**: Ms. Wang's scope of knowledge is unknown, but to testify as to her connection with the EB5 transaction.

**Michael E. Rohrkemper**: To testify regarding the initial aspects of the transaction while he was employed at Gold Star.

**A representative of EB-5 Investors**: To testify as to their connection with the EB5 transaction.

**A Representative of Gold Star Chili, Inc.**: To testify that (i) that Gold Star invested everything it was supposed to invest, (ii) that Gold Star lost millions of dollars, (iii) that Gold Star terminated the partnership for the benefit of all investors and told Plaintiff to withdraw his money from escrow, (iv) that after Plaintiff was informed that Gold Star was no longer going to be a member of GSC Opportunities, Plaintiff agreed to a new venture with the Chans to invest in a Buffalo Wings & Rings concept in Pittsburgh, and (v) that Plaintiffs' money was lost, stolen, or squandered as part of his process of becoming an investor in that new concept.

**Roger David, as representative of GSC EB5 Investors LLC**: To testify (i) that Gold Star invested everything it was supposed to invest, (ii) that Gold Star lost millions of dollars, (iii) that Gold Star terminated the partnership for the benefit of all investors and told Plaintiff to withdraw his money from escrow, (iv) that after Plaintiff was informed that Gold Star was no longer going to be a member of GSC Opportunities, Plaintiff agreed to a new venture with the Chans to invest in a Buffalo Wings & Rings concept in Pittsburgh, and (v) that Plaintiffs' money was lost, stolen, or squandered as part of his process of becoming an investor in that new concept.

**A representative of GSC EB-5, LTD**: To testify (i) that Gold Star invested everything it was supposed to invest, (ii) that Gold Star lost millions of dollars, (iii) that Gold Star terminated the partnership for the benefit of all investors and told Plaintiff to withdraw his money from escrow, (iv) that after Plaintiff was informed that Gold Star was no longer going to be a member of GSC Opportunities, Plaintiff agreed to a new venture with the Chans to invest in a Buffalo Wings & Rings concept in Pittsburgh, and (v) that Plaintiffs'

money was lost, stolen, or squandered as part of his process of becoming an investor in that new concept.

**A representative of GSC Opportunities, Limited Partnership**: To testify as to the transactions at issue in this case.

**A representative of Mason Hill LLC**: To testify as to the transactions at issue in this case.

**A representative of Mason Investments Security Council**: To testify as to the transactions at issue in this case.

**A representative of Thompson Hine**: To testify regarding Thompson Hine's involvement in the transactions at issue in this case.

Defendant reserves the right to call any witnesses identified by Plaintiff, and any witnesses necessary for rebuttal and/or impeachment.

3. There is reserved to each of the parties the right to call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

D. <u>Expert Witnesses</u>:

Plaintiff does not anticipate calling any expert witnesses.

Defendant does not anticipate calling any expert witnesses.

E. <u>Exhibits</u>:

Needless Court time is taken up in the marking of exhibits during trial. Accordingly, the exhibit list should be prepared prior to trial and the parties will exchange exhibit lists by September 5, 2025. Plaintiff's exhibits shall be marked as "PX#" and Defendants' exhibits shall be marked as "DX#". Exhibit markers should be attached to all exhibits at the time they are shown to opposing counsel during the preparation of the pretrial order. They should be attached to the lower right-hand corner whenever possible.

Except for good cause shown, the Court will not permit the introduction of any exhibits unless they have been produced by the deadline set forth in the pretrial order, with the exception of exhibits to be used solely for the purpose of impeachment.

Three sets of each party's exhibits shall be delivered to Chambers at least three (3) days prior to the start of trial, this includes one original, one copy and at least one electronic version. The parties shall cooperate to designate joint exhibits.

    F.   <u>Depositions</u>:

Testimony of certain witnesses will be offered by deposition/videotape.

Plaintiff's deposition designations are due to Defendant by August 1, 2025. Defendant's deposition designations are due to Plaintiff by August 15, 2025. Any objections to these designations are due to the Court by August 29, 2025.

Two sets of each party's depositions which will be used during trial shall be delivered to Chambers at least three (3) days prior to the start of trial. These depositions must also be electronically filed.

    G.   <u>Completion of Discovery</u>:

Discovery has been completed.

## V.    <u>MODIFICATION</u>:

This Final Pretrial Order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by applicable of counsel or on motion of the Court.

## VI.    <u>JURY INSTRUCTIONS AND STATEMENT</u>:

Jury Instructions, including interrogatories and special verdict forms shall be submitted by email, in Word format, to barrett_chambers@ohsd.uscourts.gov by September 26, 2025.

The parties shall submit joint instructions. Each instruction should be on a separate page and be presented jointly with agreed language to be in a normal type, Plaintiff's proposed language to be in italics and Defendant's proposed language to be in bold. All instructions must contain a citation of authority (including the page number for the specific legal proposition for which you are citing the case) upon which counsel relies. A request for special instructions must be filed with the Clerk of Court's Office, prior to presentation to the Court.

The parties shall jointly prepare a statement of the case to be read by Judge Barrett to the jury at voir dire. This statement shall be emailed to Chambers at barrett_chambers@ohsd.uscourts.gov on September 26, 2025.

In addition, all of the above shall be electronically filed in the Clerk's Office contemporaneously with the submission to Chambers. There is reserved to counsel the right to submit supplemental requests for instructions during trial, or at the conclusion of the evidence, but only on matters that cannot be reasonably anticipated.

**VII.**   <u>**SETTLEMENT EFFORTS**</u>**:**

Defendant offered $20,000; Plaintiff countered with $800,000. There have been no further settlement discussions to date.

**VIII.**   <u>**TRIAL BRIEFS**</u>**:**

If the parties desire to submit trial briefs, they must be filed seven (7) days prior to trial.

**IT IS SO ORDERED.**

<i>/s/ Michael R. Barrett</i>

MICHAEL R. BARRETT
United States District Judge