**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **BAOYANG CHEN,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 1:17-cv-460** |
| | : | |
| **v.** | : | **Judge Michael R. Barrett** |
| | : | |
| **GSC OPPORTUNITIES, L.P., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

---

**PLAINTIFF'S MOTION TO CONTINUE TRIAL AND**
**EXTENSION OF REMAINING PRETRIAL DEADLINES**

---

Plaintiff Baoyang Chen ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 16(b)(4) and the Court's inherent authority to manage its docket, for an order continuing the jury trial currently scheduled to commence on July 20, 2026, and resetting it to a date not less than ninety (90) days thereafter or such other date as the calendar of the Court and other parties permits, together with a corresponding extension of any remaining pretrial deadlines.

Good cause exists for the requested continuance. Plaintiff is a seventy-two (72) year-old citizen and resident of the People's Republic of China who has very recently been diagnosed with a serious pulmonary condition. His treating physicians at Peking Union Medical College Hospital in Beijing have diagnosed him with hemoptysis (the coughing up of blood), a pulmonary mass (a space-occupying lesion) for which he has been referred to and evaluated at a lung-cancer specialty clinic, and a pulmonary infection. He is presently undergoing a course of daily intravenous treatment. Given the nature and acuteness of his condition, his age, and the fact that appearing for trial in Cincinnati would require international travel of more than six thousand miles, and

approximately 24 hours to complete with layovers because there are no direct flights from PEK to CVG, Plaintiff is unable to attend the trial as currently scheduled. As Plaintiff's testimony is central to the claims brought in this case and proceeding in his absence would severely prejudice his ability to present his case to the jury.

The grounds for this Motion are more fully set forth in the accompanying Memorandum in Support and the Declaration of Baoyang Chen, together with the medical records attached thereto. Given the emergency nature of this motion, Counsel for Plaintiff has not conferred with opposing counsel, but opposing counsel was made aware of this on July 8, 2026, having been copied on an email informing the Court.  Plaintiff's health is of paramount concern and this request to continue the trial on these grounds is made in good faith and not for purposes of delay or to prejudice defendant Gold Star Chili, Inc.

For these reasons, and those set forth below, Plaintiff respectfully requests that the Court grant this Motion, continue the July 20, 2026 trial, and extend the remaining pretrial deadlines accordingly.

Respectfully submitted,

/s/ Christopher D. Cathey
Christopher D. Cathey (0071231)
OFFIT KURMAN, P.A.
100 Southeast Third Avenue, 10th Floor
Fort Lauderdale, FL 33394
Telephone: (954) 353-8235
Mobile: (513) 379-8653
Email: chris.cathey@offitkurman.com
Counsel for Plaintiff Baoyang Chen

2

## MEMORANDUM IN SUPPORT

### I.     INTRODUCTION

This is an action by Plaintiff Baoyang Chen against the above-captioned Defendants arising out of Plaintiff's EB-5 investment and Defendants' alleged misappropriation of his investment funds. The parties central to the jury trial are Plaintiff and defendant Gold Star Chili, Inc.  The matter is set for jury trial beginning July 20, 2026. In early June 2026, after the trial date was set, Plaintiff developed a serious, acute medical condition that requires ongoing treatment in Beijing, China.  He is therefore rendered medically unable to undertake the international travel necessary to attend trial. Because Plaintiff's presence and testimony are essential to his case, a continuance is necessary to avoid substantial prejudice to him. The continuance is narrowly tailored, sought in good faith, and supported by contemporaneous medical records. Good cause exists to grant it.

### II.    RELEVANT FACTUAL BACKGROUND

1.      Plaintiff is a seventy-two (72) year-old individual who is a citizen and resident of the People's Republic of China and resides in Beijing. (Decl. of Baoyang Chen para. 1).

2.      The above-captioned matter is presently scheduled in this Court for a jury trial commencing July 20, 2026.  (Id. at para. 2).

3.      Following a colonoscopy where three polyps were removed, Plaintiff began experiencing a high fever on June 4, 2026.  (Id. at para. 4).

4.      The fever reduced to a low-grade fever that lasted until mid-June, 2026.  (Id. at para. 5).

5.      Thereafter Plaintiff developed a persistent cough, slight chest pain, and traces of blood in his phlegm.  (Id. at para. 6).

6. On June 22, 2026, Plaintiff suffered sudden, severe right-side chest pain in the evening. He went to Beijing Tiantan Hospital for suspected cardiac issues. Myocardial and cerebral infarction were ruled out via ECG and blood tests. He was then referred to the Respiratory Department, where a chest x-ray was performed. (Id. at para. 7, 8, 9).

7. On June 23, 2026, Plaintiff returned to Tiantan Hospital to obtain the results of the chest x-ray. The x-ray revealed multiple lung shadows (the largest measuring 2.7 cm). The doctor urgently referred him for an enhanced chest CT scan to differentiate between inflammation and malignancy. (Id. at para. 10, 11).

8. On June 24, 2026, Plaintiff registered at the cancer hospital in Beijing due to his 2016 history of colon cancer. Blood tests and a comprehensive enhanced CT scan were scheduled. (Id. at para.12).

9. On June 25, 2026, the enhanced CT scan (chest, abdomen, and pelvis) was performed in the evening. Symptoms of weakness, coughing, and chest pain continued. (Id. at para. 13).

10. On June 26, 2026, Plaintiff completed follow-up blood work and tumor marker tests in the morning. (Id. at para. 14).

11. On June 28, 2026, while at home, Plaintiff coughed up a large amount of fresh, bright red blood. (Id. at para. 15).

12. On June 29, 2026, Plaintiff received the test results from June 26 and the cancer specialists determined that the immediate issue was a severe infection, not an active tumor recurrence. He was sent to the emergency room at Peking Union Medical College Hospital (PUMCH) for immediate anti-infection and hemostatic (anti-bleeding) IV infusions. (Id. at para. 16).

4

13.     On June 30, 2026, Plaintiff returned to PUMCH ER for a second round of IV infusions. That evening, he was evaluated by senior specialist Dr. Zhang Xiaotong. The initial diagnosis was listed as hemoptysis (coughing up blood), a lung mass, and a pulmonary infection. (Id. at para. 17).

14.     On July 1, 2026 Plaintiff followed-up with Dr. Zhang Xiaotong. She issued a hospitalization order, prescribed oral hemostatic medication, and provided a stamped authorization for a one-week course of daily IV anti-inflammatory medications at a local community hospital due to lack of open beds at PUMCH and Plaintiff's extreme weakness.  (Id. at para. 18).

15.     On July 2, 2026, Plaintiff returned to PUMCH to complete further blood testing, sputum (phlegm or mucus) cultures, and an electrocardiogram (EKG/ECG).  (Id. at para. 19).

16.     On July 7, 2026, Plaintiff had a follow-up visit with Dr. Zhang Xiaotong at PUMCH. Test results confirmed the lung infection remains severe. She extended the hospitalization order, pending an open bed, and directed him to continue daily IV infusions at the hospital.  (Id. at para. 20).

17.     Plaintiff's current treatment plan is aggressive daily IV antibiotics and anti-bleeding treatments to conserve his strength. He is on a priority waitlist for a hospital bed at PUMCH.  (Id. at para. 21).

18.     Plaintiff is scheduled for a critical follow-up check-up on July 15, 2026. Once the infection is fully resolved, a follow-up contrast-enhanced chest CT scan will be performed to accurately evaluate the remaining lung nodules and determine if any oncology treatments are required.  (Id. at para. 22).

19.     True and correct copies of Plaintiff's hospital registration records, prescription, and medical certificate from Peking Union Medical College Hospital, dated June 30–July 1, 2026, are attached to the accompanying Declaration of Baoyang Chen as Exhibit 1.  (Id. at Ex. 1).

20.     Plaintiff's condition is serious and unresolved, his diagnostic workup for a possible pulmonary malignancy is ongoing, and he remains under active medical care in Beijing. Given his active hemoptysis, his unresolved pulmonary mass and infection, and his age, Plaintiff is not medically able to undertake the long-haul international air travel that appearing at trial in Cincinnati would require.  (Id. at para. 23).

21.     Plaintiff's illness arose suddenly and could not have been anticipated when the trial date was set. Plaintiff recently notified the undersigned of his condition and provided the supporting medical records.  (Id. at para. 24).  This Motion has been filed as soon as possible thereafter.

## III.    LAW AND ARGUMENT

### A.    The Court Has Broad Discretion to Continue the Trial for Good Cause.

A district court possesses broad, inherent authority to control its docket, including the power to grant a continuance of trial. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (referring to the court's inherent authority to control its docket and stay proceedings). Federal Rule of Civil Procedure 16(b)(4) likewise provides that a schedule, including a trial date, "may be modified only for good cause and with the judge's consent." The decision whether to grant a continuance rests within the sound discretion of the trial court and is reviewed only for abuse of that discretion.  *United States v. 9.19 Acres of Land, More or Less, Situate in Marquette County, Mich.,* 416 F.2d 1244, 1246 (6th Cir. 1969) (holding that, although a continuance is generally within the trial court's discretion, the district court abused that discretion by refusing a short continuance to allow a corporation to retain counsel).

6

In exercising this discretion, courts consider factors such as the length of the requested delay, whether prior continuances have been granted, the presence or absence of prejudice to the opposing party, whether the movant contributed to the circumstances giving rise to the request, and whether the moving party will be harmed if the continuance is denied. *Wilson v. Mintzes,* 761 F.2d 275, 281 (6th Cir. 1985) (reciting factors courts consider in the Sixth Circuit in whether to grant a continuance).

**B.  The Serious Illness of Plaintiff, the Party Whose Testimony Is Central to This Case, Constitutes Good Cause.**

The serious illness of a party is a well-recognized ground for a continuance, particularly where that party's testimony is central to the case. *Latham v. Crofters, Inc.,* 492 F.2d 913, 914-16 (4th Cir. 1974) (abuse of discretion to deny continuance for defendant's poor health); *Gaspar v. Kassm,* 493 F.2d 964, 966-67 (3d Cir. 1974) (customary to grant continuance on ground of illness of a party where party's testimony was necessary for his defense, no undue prejudice to other parties, not motivated by procrastination, bad planning or bad faith). Each of the relevant considerations supports a continuance here.

First, Plaintiff's medical condition is serious, acute, and documented. He has been diagnosed with active hemoptysis, a pulmonary mass under evaluation for possible malignancy, and a pulmonary infection, and he is undergoing daily intravenous treatment in Beijing. These are not conditions of convenience; they reflect a genuine medical emergency that materially impairs his ability to travel and to prepare for and participate in a trial.

Second, Plaintiff's presence is essential. Plaintiff is the party who asserts the claims in this action, and his testimony concerning, among other things, the representations made to him, his reliance, his investment, and his damages are central to the presentation of his case. Requiring the trial to proceed in his absence or requiring a gravely ill, 72 year-old patient with active hemoptysis,

7

to attempt lengthy international travel would interfere with his medical treatment, cause him to lose the opportunity for immediate admission to a hospital for the proposed oncology treatment, and would work a substantial and unfair prejudice.

Third, the requested continuance is modest and will not unfairly prejudice Defendants. Plaintiff seeks a continuance of approximately ninety (90) days, an interval reasonably calculated to permit his current course of treatment and diagnostic workup to progress and his condition to stabilize sufficiently for him to participate. A short continuance of this nature causes no cognizable prejudice to Defendants that could not be addressed through the ordinary resetting of deadlines.

Fourth, Plaintiff did not contribute to the circumstances giving rise to this request. His illness arose suddenly in June 2026 and could not have been foreseen when the trial date was set. Plaintiff acted diligently by promptly notifying counsel, obtaining and providing his medical records, and moving for relief without delay.  The request is made in good faith and not for purposes of delay.

Finally, the balance of hardships weighs decisively in favor of a continuance. Denial would force Plaintiff to choose between losing his day in court in an action he has pursued for years and undertaking travel that his medical condition does not permit. A brief continuance, by contrast, imposes only the limited inconvenience of a rescheduled trial. Good cause is established.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff Baoyang Chen respectfully requests that the Court grant this Motion, continue the jury trial presently set for July 20, 2026 to a date not less than ninety (90) days thereafter (or such other date as the Court's calendar permits), extend the remaining pretrial deadlines accordingly, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


/s/ Christopher D. Cathey
Christopher D. Cathey (Ohio Bar No. 0071231)
OFFIT KURMAN, P.A.
100 Southeast Third Avenue, 10th Floor
Fort Lauderdale, FL 33394
Telephone: (954) 353-8235
Email: chris.cathey@offitkurman.com
Counsel for Plaintiff Baoyang Chen

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 9th day of July 2026, a copy of the foregoing was filed electronically with the Court's CM/ECF filing system, which shall serve a copy on Goldstar Chili, Inc.'s counsel of record:

> Paul T. Saba, Esq.
> Jeffrey M. Nye, Esq.
> SSP Law Co., L.P.A.
> 2623 Erie Avenue
> Cincinnati, Ohio 45208
> pts@sspfirm.com
> jmn@sspfirm.com

> /s/ Christopher D. Cathey
> Christopher D. Cathey (0071231)